1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  JERRY SMITH,                              )   No. C 14-01779 EJD (PR)
                                             )
12              Plaintiff,                    )   ORDER OF SERVICE; DIRECTING
                                             )   DEFENDANTS TO FILE DISPOSITIVE
13      v.                                   )   MOTION OR NOTICE REGARDING
                                             )   SUCH MOTION; INSTRUCTIONS TO
14  T. PASLEY, et. al.,                       )   CLERK
                                             )
15              Defendants.                   )
                                             )
16  _____             )

17

18      Plaintiff, a state prisoner at San Quentin State Prison, filed the instant civil rights

19  action in pro se pursuant to 42 U.S.C. § 1983.  Plaintiff's motion for leave to proceed in

20  forma pauperis will be granted in a separate written order.

21

22                              **DISCUSSION**

23  **A.    Standard of Review**

24      A federal court must conduct a preliminary screening in any case in which a

25  prisoner seeks redress from a governmental entity or officer or employee of a

26  governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify

27  any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

28  claim upon which relief may be granted or seek monetary relief from a defendant who is

1    immune from such relief.  <u>See</u> <u>id.</u> § 1915A(b)(1),(2).  <u>Pro se</u> pleadings must, however, be

2    liberally construed.  <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.

3    1988).

4         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

5    elements: (1) that a right secured by the Constitution or laws of the United States was

6    violated, and (2) that the alleged violation was committed by a person acting under the

7    color of state law.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

8    **B.    <u>Plaintiff's Claims</u>**

9         Plaintiff claims that Defendant T. Pasley interfered with his outgoing legal mail

10   during May and June 2013.  (Compl. at 3.)  According to the attached papers, Defendant

11   Pasley returned Plaintiff's mail to him with a request to submit Non Sufficient Funds

12   ("NSF") envelopes to cover the cost of postage.  Plaintiff claims that after he notified the

13   mail room that he never received NSF envelopes, he received no response.  He later

14   interviewed with mailroom supervisor, Defendant Alex Lile, and notified her of the

15   incident.  Liberally construed, Plaintiff states a cognizable claim under the First

16   Amendment.  <u>See</u> <u>Witherow v. Paff</u>, 52 F.3d 264, 265 (9th Cir. 1995) (citing <u>Thornburgh</u>

17   <u>v. Abbott</u>, 490 U.S. 401, 407 (1989)).

18

19                                    **CONCLUSION**

20        For the reasons stated above, the Court orders as follows:

21        1.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for

22   Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy

23   of the complaint, all attachments thereto, and a copy of this order upon **Defendants T.**

24   **Pasley, Office Assistant, and Alex Lile, Mail Room Supervisor,** at **San Quentin State**

25   **Prison,** (San Quentin, CA 94964)**.**  The Clerk shall also mail a copy of this Order to

26   Plaintiff.

27        2.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil

28   Procedure requires them to cooperate in saving unnecessary costs of service of the

summons and the complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

    3.    No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

        a.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

        b.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See</u> <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

        4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court

and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. <u>See Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

5.    Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: _____8/5/2014_____

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


JERRY SMITH,

                 Plaintiff,

  v.

T. PASLEY, et al.,

                 Defendants.

_____/

Case Number: CV14-01779 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____8/5/2014_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Jerry Eugene Smith H-44485
San Quentin State Prison
San Quentin, CA 94964


Dated: _____8/5/2014_____

                               Richard W. Wieking, Clerk
             /s/ By: Elizabeth Garcia, Deputy Clerk